## TRIMBLE v. J. C. ENGLEMAN, Inc. (No. 7274.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1925. Rehearing Denied Feb. 18, 1925.)

**1. Contracts ⚙══346(4) — Testimony as to contract other than that pleaded by plaintiff held not admissible.**

In action on written contract relating to sale of land in Texas, defendant's testimony as to conversation with plaintiff at date prior to that of the pleaded contract, in which another and different contract not mentioned in any pleading was made as to land in other state, *held* not admissible.

**2. Principal and agent ⚙══78(3) — Pleadings held not to warrant attack by defendant on contract pleaded by plaintiff.**

In principal's action against agent for money advanced, in which petition pleaded written contract on part of agent to repay money so advanced, and in which defendant answered by general and special exceptions and general denial, and specially answered that contract had been entered into providing for deduction of money advanced from commissions earned by defendant, without liability therefor if no commissions were earned, there was no basis in the pleadings for attack on contract pleaded by plaintiff.

Appeal from Willacy County Court; W. E. McCharen, Judge.

Suit by J. C. Engleman, Inc., against H. T. Trimble. Judgment for plaintiff, and defendant appeals. Affirmed.

Davis E. Decker, of Raymondville, for appellant.

Ira Jay Dutton, of Raymondville, for appellee.

FLY, C. J. This is a suit by appellee, a private corporation, to recover of appellant the sum of $880, alleged to be due on a contract entered into by and between the parties on July 15, 1922, by the terms of which it was agreed that appellant should act as agent in the sale of real estate, and that any money advanced by appellee to appellant should be repaid to appellee. It was alleged that the sum of $880 had been advanced to appellant by appellee and never repaid by him. Appellant answered by general and special exceptions and general denial, and he specially answered that appellee was a foreign corporation and had no permit to do business in Texas; that a contract had been entered into between appellant and appellee by which the money advanced by appellee would be deducted from any commissions earned by appellant, and that, if no commissions were earned, or if they did not amount to as much as the advances, then appellant would owe appellee nothing for the advances. The court instructed a verdict for appellee,

---

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which was returned, and judgment rendered in favor of appellee for the sum which was sought to be recovered.

[1] There is no statement of facts, and while it is not alleged in the petition or answer whether the contract upon which appellee's action was based was in writing, no objection was made to the petition on that ground. Appellant attempts to set up another and different contract from that set out in the petition. A written contract of the 'date and purport of that set out in the petition must. have been introduced in evidence, because appellant complains that he was not permitted to show, without a plea of non est factum, that he did not sign a written contract at the time alleged in. the petition. The court properly denied him the privilege of attacking the written contract by testifying to a conversation with appellee at a date prior to the date of the written contract, in which another and different contract, not mentioned in any pleading, was made as to appellant selling land in Kentucky and not in Texas, as alleged in the petition.

[2] There was no basis in the pleadings for an attack upon the written contract, as to its date or otherwise. The court properly rejected the charges asked by appellant as to when the contract was signed. .

There is no merit in the appeal, and the judgment is affirmed. '

### On Motion for Rehearing.

Appellant calls the attention of the Court to the fact that a statement of facts made up by the trial judge is included in the transcript of the record. The statement of facts, being made a part of the transcript, was not discovered. However, it in no way requires a disturbance of our former opinion and the motion for rehearing is overruled.